IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  02-819 |
| | : | |
| VINCENT J. CROCE, ET AL. | : | |
| | : | |

GOVERNMENT'S SECOND MOTION FOR
RECONSIDERATION OF MEMORANDUM AND
ORDER DENYING FORFEITURE MONEY JUDGMENT

The United States of America, by its attorneys, Patrick L. Meehan, United States

Attorney for the Eastern District of Pennsylvania, Louis D. Lappen, Assistant United States

Attorney for that District, and Stefan D. Cassella, United States Department of Justice, hereby

moves this Court for a second time to reconsider its Memorandum and Order of September 8,

2004, denying forfeiture money judgments.   In support of this request, the government states as

follows.

I.      INTRODUCTION

In its Memorandum and Order of September 8, 2004, this Court analyzed the

history of the asset forfeiture statutes and concluded that it lacked the authority to impose what it

considered a "nonspecific and unlimited forfeiture money judgment."  See United States v.

Croce, 334 F. Supp.2d 781 (E.D. PA 2004).   On October 18, 2004, the government asked this

Court to reconsider its Memorandum and Order because, in the government's view, the relevant

statutes and the case law interpreting those statutes overwhelmingly supported the legality of a

money judgment.  On November 19, 2004, this Court granted in part and denied in part the

government's Motion for Reconsideration.  This Court agreed with the government that it was

entitled to forfeiture in an amount greater than previously ordered in the September 8 Memorandum and Order, based on the forfeiture of funds that the defendants had obtained through the interstate transportation of fraudulent proceeds, in violation of 18 U.S.C. § 2314. However, this Court maintained its position that the government could obtain and execute on a money judgment only for the defendant's current net worth – and not obtain any future assets to satisfy the money judgment.

The government considers the substantive issues presented in this forfeiture dispute to be of great significance.  We seek forfeiture money judgments in numerous cases, and consider those money judgments to be a lawful and necessary means to punish defendants and make crime victims whole.  As this Court has taken a unique perspective on the legality of money judgments, we have eagerly sought to correct what the government believes is a clear error of law that will dramatically affect the government's ability to forfeit criminal proceeds. In the course of preparing a potential appeal of this Court's decision, the government has discovered that we may have overlooked a jurisdictional obstacle to the action of this Court in vacating the money judgments that were imposed as part of the defendants' sentences. Although the government could raise an issue of jurisdiction for the first time on appeal, we deem it appropriate to first bring this matter to this Court's attention and give it an opportunity to address the issue.  Therefore, the government presents this second motion for reconsideration.

## II.    ARGUMENT

It is clear from the sentencing hearing transcripts and judgment and commitment orders in this case that this Court imposed money judgments against each defendant as a part of

2

his sentence.  Indeed, it is well settled that criminal forfeiture is part of the defendant's sentence and is a form of punishment for his criminal activity.  See Libretti v. United States, 516 U.S. 29, 38-39 (1995) (forfeiture is an element of the sentence imposed following conviction; "The text of the relevant statutory provisions makes clear that Congress conceived of forfeiture as punishment" for various crimes).  Specifically, on November 5, 2003, at Vincent Croce's sentencing hearing, this Court explicitly ordered forfeiture "as set forth in [this Court's] preliminary order of forfeiture."  Tr. 11/5/03, 43.  This Court's Preliminary Order of Forfeiture against Croce entered on June 6, 2003, included a money judgment of $5,138,935.66.

On January 16, 2004, at the sentencing hearings for Brian Rose and Joseph Quattrone, this Court explicitly ordered money judgments for $2,611,149.41 against each defendant.  Tr. 1/16/04 (Rose), 55-56; Tr. 1/16/04 (Quattrone), 36.   In addition, at the time of sentencing, this Court signed written forfeiture money judgments for $2,611,149.41 against Rose and Quattrone and included the money judgment on the judgment and commitment orders.  The defendants did not object to the imposition of the money judgments or the amount of the judgments.  Tr. 1/16/04 (Rose), 42-44.  As this Court correctly noted in Croce, 334 F. Supp.2d at 783, the written money judgments against Rose and Quattrone stated that this Court "'retain[s] jurisdiction to enforce [them], and to amend [them] as necessary, pursuant to Fed. R. Crim. P. 32.2(e)'" (emphasis added).[1]

Forfeiture procedures are governed by Rule 32.2.  Fed. R. Crim. P. 32(k)(2).  According to the procedures set forth in Rule 32.2(b)(2), the district court initially enters a

---

[1]  On April 2, 2004, defendants Rose and Quattrone filed notices of appeal of the final judgments against them.

preliminary order of forfeiture for property subject to forfeiture by "setting forth the amount of any money judgment or directing the forfeiture of specific property . . . ." At sentencing, under Rule 32.2(b)(3), "the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and included in the judgment." Following any ancillary proceedings to determine the rights of third parties, the court enters "a final order of forfeiture by amending the preliminary order as necessary to account for third-party rights." Rule 32.2(c)(2).

Rule 32.2(e) governs the procedure for amending orders to account for newly discovered property and substitute property. In relevant part, Rule 32.2(e) provides as follows:

**(e) Subsequently Located Property; Substitute Property.**

**(1) In General.** On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that:

**(A)** is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or

**(B)** is substitute property that qualifies for forfeiture under an applicable statute.

It is clear that Rule 32.2 sets forth a detailed and comprehensive scheme governing forfeiture proceedings and identifies the lawful bases for amending forfeiture orders after sentencing – namely, to account for substitute or other additional assets and to resolve third-party rights. United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002), cert. denied, 538 U.S. 971 (2003). See also United States v. Voigt, 89 F.3d 1050, 1088 (3d Cir. 1996) (Under Rule 32.2, the court may amend order of forfeiture to include substitute assets even after an appeal is final).

Following the forfeiture procedures set forth in Rule 32.2, on March 22, 2004, the government filed three motions that resulted in this Court's September 8, 2004 Memorandum

4

and Order.  First, the government filed a Motion for Judgment and Final Order of Forfeiture against Croce.  The government filed this motion under Rule 32.2(c)(2), having complied with forfeiture notice provisions and having resolved any ancillary claims.[2]  In this motion, the government sought a money judgment of $5,138,935.66, as had been ordered in this Court's preliminary order.  Croce did not object to this motion.

The government also filed against Rose and Quattrone Motions to Forfeit Substitute Assets.  The government filed these motions under Rule 32.2(2)(e) to substitute $100,000 in U.S. currency in the case of Rose, and $280,000 in U.S. currency in the case of Quattrone, in partial satisfaction of the $2,611,149.41 money judgments against them.  Neither Rose nor Quattrone objected to these motions.

In response to these motions, this Court issued its September 8, 2004 Memorandum and Order.  In its Memorandum and Order, this Court vacated the forfeiture money judgments it had imposed as part of the defendants' sentences.  This Court explicitly vacated the Judgment and Preliminary Order of Forfeiture against Croce, the Forfeiture Money Judgments against Rose and Quattrone, and the portions of the Judgment and Commitment Orders that referred to the money judgments.  This Court also reduced the amount of forfeiture that it had imposed against each defendant at the time of sentencing:

> Still, the government remains entitled to the forfeiture of up to $2,171,043.45 from each defendant, and we remain ready to order forfeiture of specific items of each of the defendants' property up to that amount.

---

[2]  On August 29, 2003, Mellon Bank, N.A., filed an ancillary petition to adjudicate its interest in the forfeited property.  On December 11, 2003, Mellon withdrew its petition.  There were no other ancillary claims.

Croce, 334 F.Supp.2d at 795.

Following the government's Motion for Reconsideration, this Court maintained its position that money judgments are unlawful as requested by the government.  This Court concluded that the government was entitled to "forfeiture of up to $2,232,948.15 from each defendant, $61,904.70 more than [it] originally recognized" when it first vacated the money judgments.  Memorandum of 11/19/04 at 10.[3]  This amount was also approximately $378,201 less than this Court had ordered at the time of sentencing for Rose and Quattrone, and approximately $2,905,987 less for Croce.[4]

The government respectfully submits that both of this Court's decisions in this forfeiture matter, on September 8 and November 19, 2004, altered the sentences of forfeiture that this Court imposed on each defendant far beyond the limited scope of this Court's jurisdiction under Rule 32.2.  The September 8 decision vacated the forfeiture money judgments and changed the amount of the forfeiture penalty that would be imposed against the defendants.  The November 19 decision further changed the amount of the forfeiture penalty and changed the procedures for resolving forfeiture.  Significantly, this Court stated that it was acting in response to its "doubt whether [it] even had the authority to order the forfeiture money judgments that [it]

---

[3]  In reducing the money judgments, this Court determined that the government was not legally entitled to forfeiture of mail fraud proceeds, a legal conclusion with which the government also respectfully disagrees.

[4]  This Court also established a procedure for addressing forfeiture after a conviction, providing for the fact finder (here, this Court) to determine both the property that is directly forfeitable and the substitute assets that are available to satisfy the limited money judgment to which the government is entitled.   Under this Court's reasoning, the government is then prohibited from obtaining in the future assets beyond the defendant's current net worth because that would require "a nonspecific and unlimited forfeiture money judgment that Congress has not authorized."   Memorandum of 11/19/04 at 7.

had imposed at the Government's request and without opposition." Croce, 334 F.Supp.2d at 783.  While the government understands this Court's concerns about its authority to impose money judgments, we submit that this Court was without jurisdiction to respond to these concerns by changing the defendants' sentences several months after the time of sentencing.

Nothing in Rule 32.2, which governs forfeiture procedures, permitted this Court to alter the forfeiture money judgments as it did.  Rule 32.2 provides limited and specific circumstances under which a forfeiture judgment can be modified, primarily to address substitute assets and third-party rights.  In its motions, the government specifically asked this Court only to modify the judgments to account for substitute assets and to enter a final order against Croce following the completion of the ancillary proceedings.   Rather than granting these unopposed requests, this Court vacated the money judgments, altered the amount of the forfeiture, and changed the rules that would have allowed the government to recover forfeitable proceeds beyond the conclusion of the forfeiture proceedings in this case.  Rule 32.2 does not provide for such modifications to the defendants' sentences.[5]  See Petrie, 302 F.3d at 1284 (Rule 32.2 contemplates that a defendant's forfeiture obligations will be determined finally at the time of sentencing with modifications only to account for substitute assets and third-party rights).

---

[5]  The government recognizes that it stated in its proposed money judgments for Rose and Quattrone, which this Court signed, that this Court retained jurisdiction to enforce the orders as necessary under Rule 32.2(e).  While it might seem at first blush that this language provides some authority for this Court's actions here, it is clear from the text of Rule 32.2(e) that this Court could modify forfeiture orders after sentencing only under prescribed circumstances. Those circumstances do not include, explicitly or implicitly, a situation where a court concludes that it was without the legal authority to impose the forfeiture money judgments in the first place.

As this Court was without a basis under Rule 32.2 for modifying the forfeiture orders issued at sentencing, we must consider Fed. R. Crim. P. 35, which establishes the rules for correcting a sentence.  Rule 35(a) states that, "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  This Court corrected the alleged error in imposing forfeiture money judgments, long after the seven-day period expired.  Thus, the government avers that this Court was without jurisdiction to vacate and alter the money judgments as it did.   Caselaw supports this conclusion.

In <u>United States v. Libretti</u>, 38 F.3d 523, 526-27 (10th Cir. 1994), at the time of sentencing, and over the defendant's objection, the district court ordered the defendant to forfeit proceeds and property relating to the offenses of conviction.  More than seven days after the sentencing, and after the defendant appealed the judgment, the defendant moved to amend the order of forfeiture to correct substantive errors.  The district court held a hearing and agreed to amend the order.  On appeal, the Court of Appeals first considered whether the district court had jurisdiction to entertain the motion to amend.  The Court recognized that a sentencing decision is final under 28 U.S.C. § 1291 and that the district court imposed forfeiture as part of the defendant's sentence.  The Court then concluded that the district court did not have jurisdiction to consider the motion to amend because it was not timely filed:

> Rule 35(c) permits the district court to correct a sentence imposed as a result of technical, arithmetic, or other clear error within seven days of the imposition of sentence.  Here, defendant's request to amend the order of forfeiture was not made within the permissible time period and is therefore not a timely Rule 35(c) motion . . . and the requested modification of the forfeiture order was beyond the scope of Rule 35(c) relief.

<u>Libretti</u>, 38 F.3d at 527 n.4 (citation omitted); <u>United States v. Petrie</u>, 302 F.3d at 1284-85 (under Rules 32.2 and 35, district court was without jurisdiction to alter defendant's sentence to include

forfeiture more than seven days after sentencing).[6]  The same reasoning should apply here.  The

forfeiture orders were substantively altered more than seven days after sentencing.  The Federal

Rules of Criminal Procedure do not permit such a correction of sentence.

      If this Court agrees that altering the forfeiture orders changed the defendants'

sentences as argued above, then this Court also was without jurisdiction to alter forfeiture against

Rose and Quattrone because they filed notices of appeal of this Court's judgments on April 2,

2004, divesting this Court of jurisdiction to change their sentences.  See United States v. Pease,

331 F.3d 809, 816 (11th Cir. 2003) (rejecting modification to sentence to include forfeiture; "it is

settled law that the appeal of a judgment in a criminal case deprives the district court of

jurisdiction to amend the judgment (except for clerical errors pursuant to Rule 36")); United

States v. Davis, 924 F.2d 501 (3d Cir. 1991) (explaining that if an appeal has been filed and the

court of appeals has jurisdiction, the district court may not exercise jurisdiction to change a

sentence); United States v. Batka, 916 F.2d 118, 119 (3d Cir. 1990) (pendency of defendant's

appeal deprived district court of jurisdiction to rule on his motion for extension of time to pay

restitution, as such a motion amounted to motion for reduction of sentence).[7]  Under any

---

   [6]  Fed. R. Crim. P. 36 also creates authority for a court to correct a sentence, and to do so
at any time.  However, Rule 36 permits a court to correct only a clerical error.  See United States
v. Hatcher, 323 F.3d 666, 673 (8th Cir. 2003) (affirming amendment to forfeiture order issued
more than seven days after sentencing because error was merely "clerical").  The alleged errors
that this Court corrected here were not merely clerical.  A clerical error subject to Rule 36 "must
not be one of judgment or even of misidentification, but merely of recitation, of the sort that a
clerk or amanuensis might commit, mechanical in nature."  United States v. Guevremont, 829
F.2d 423, 426 (3d Cir. 1987) (quoting Dura-Wood Treating Co. v. Century Forest Indus., 694
F.2d 112, 114 (5th Cir. 1982)).

   [7]  This rule does not apply to the government's more limited application for amendment
of the forfeiture orders to account for substitute assets.  See United States v. Hurley, 63 F.3d 1,
23-24 (1st Cir. 1995) (court retains authority to order forfeiture of substitute assets after appeal is

analysis, if this Court changed the defendants' sentences, as suggested by the government, this Court acted without jurisdiction.

**III.    CONCLUSION**

Accordingly, in light of the jurisdictional defects in this Court's September 8 and November 19, 2004 Memoranda and Orders in this case, the government respectfully requests

---

filed); <u>United States v. Voigt</u>, 89 F.3d 1050, 1088 (3d Cir. 1996) (following <u>Hurley</u>, court may amend order of forfeiture at any time to include substitute assets).  Here, the government's motions were specifically authorized by Rule 32.2 and did not involve matters subject to the defendants' appeals.

this Court to reconsider its Memoranda and Orders and resolve the outstanding forfeiture issues

consistent with Rule 32.2 as requested in the government's motions.[8]


Respectfully submitted,

LESTER M. JOSEPH                          PATRICK L. MEEHAN
Acting Chief, Asset Forfeiture and        United States Attorney
Money Laundering Section
U.S. Department of Justice                LAURIE MAGID
                                          Deputy United States Attorney
                                           for Policy and Appeals

STEFAN D. CASSELLA                        ROBERT A. ZAUZMER
Deputy Chief, Asset Forfeiture and        Assistant United States Attorney
Money Laundering Section                   Senior Appellate Counsel
U.S. Department of Justice


                                          _____
                                          J. ALVIN STOUT, III
                                          Assistant United States Attorney
                                          Chief, Asset Forfeiture and Witness Program


                                          _____
                                          LOUIS D. LAPPEN
                                          Assistant United States Attorney

---

[8]   As set forth in our original Motion for Reconsideration, the government understands this Court's position on the legality of money judgments and respectfully disagrees with it.  The government appreciates that this Court may (assuming it remains convinced of its position) issue similar memoranda and orders in other cases.  The government intends to seek appellate review of this Court's position on money judgments, as it has far-reaching implications.  However, appellate review of the substantive aspects of this Court's ruling may have to await a case that does not present these jurisdictional obstacles.

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the Government's Second Motion

for Reconsideration of Memorandum and Order Denying Request for Forfeiture Money

Judgment has been served on this date by first class mail, postage prepaid, upon:

     William J. Winning, Esquire
     Cozen & O'Connor
     1900 Market Street
     Philadelphia, PA 19103

     Jeffrey M. Miller, Esquire
     Nasuti & Miller
     Public Ledger Building, Suite 1064
     Philadelphia, PA 19106

     Gilbert Scutti, Esquire
     1617 JFK Boulevard
     Philadelphia, PA 19103


     _____
     LOUIS D. LAPPEN
     Assistant United States Attorney


DATED:  December 15, 2004